## CIRCUIT COURT OF THE CITY OF RICHMOND

Larry W. French

v.

New York Life Ins. Co.

May 16, 1996

Case No. LB-62-4

BY JUDGE RANDALL G. JOHNSON

In this action, which is before the court on the parties' cross motions for summary judgment, plaintiff seeks payment of $50,000 under the "double indemnity" provision of a life insurance policy. At issue is whether plaintiff's son's death from a drug overdose, specifically cocaine and morphine (heroin) poisoning, is "accidental" as that term is used in the policy. The court holds that it is not.

The facts are not in dispute. In 1987, plaintiff purchased from defendant, New York Life Insurance Company, a $50,000 insurance policy on the life of his son, who was then seventeen years old. The policy contained an accidental death benefit promising to pay an additional $50,000 if the son's death "was caused directly, and apart from any other cause, by accidental bodily injury." The son died in 1995 from a cocaine and heroin overdose, those drugs having been taken voluntarily by the son. The insurer has paid the plaintiff $50,000 under the basic policy, but refuses to pay the additional $50,000 as an accidental death benefit. It is the insurer's position that under the circumstances presented, the son's death was not accidental under the terms of the policy. The court agrees.

The Supreme Court of Virginia has not addressed the precise question presented here, although the United States Court of Appeals for the Fourth Circuit, applying Virginia law, has. In *Patch v. Metropolitan Life Ins. Co., Inc.*, 733 F.2d 302 (4th Cir. 1984), the court held that death by overdose of heroin voluntarily taken was not "accidental." This court agrees with that ruling. This court also has no doubt that our Supreme Court would agree with that ruling based on the Supreme Court's pronouncements in other

cases. For example, in *Smith v. Combined Ins. Co. of Am.*, 202 Va. 758, 120 S.E.2d 267 (1961), an insured who was a fugitive sought to elude police by taking refuge in a barn. A gun battle ensued between the insured and police during which the barn caught fire and burned, undoubtedly from the "more than twenty tear gas projectiles or bombs" which were shot into the barn by police officers. 202 Va. at 760. The insured died in the fire, either by burning or from suffocation. In rejecting the widow's insurance claim for accidental death benefits, the Court, citing various authorities, said:

> "The generally accepted rule is that death or injury does not result from accident or accidental means within the terms of an accident policy where it is the natural result of the insured's voluntary act, unaccompanied by anything unforeseen except the death or injury . . . ."

> "Where the policy insures against loss of life through accidental means, the principle seems generally upheld that if the death of the insured, although in a sense unforeseen and unexpected, results directly from the insured's voluntary act and aggressive misconduct, or where the insured culpably provokes the act which causes the injury and death, it is not death by accidental means, even though the result may be such as to constitute an accidental injury . . . ."

> In accord with this principle it is generally held that if the insured voluntarily provokes or is the aggressor in an encounter, and knows, or under the circumstances should reasonably anticipate, that he will be in danger of death or great bodily harm as the natural or probable consequence of his act or course of action, his death or injury is not caused by an accident within the meaning of such a policy . . . .

> While there is a conflict of authority on the subject, the weight of authority is that even where, as here, the policy contains no provision exempting liability for injury or death resulting from "violation of law," an insured who is killed or injured under such circumstances, and as a direct result of his own criminal acts, has not suffered an accident . . . . This is upon the principle that by his conduct the insured has voluntarily placed himself in a position where he knows or should know that he is likely to be killed or injured.

202 Va. 758, 761-62 (citations omitted). *See also Tucker v. Life Ins. Co. of Va.*, 228 Va. 55, 321 S.E.2d 78 (1984); *Byrd v. Life Ins. Co. of Va.*, 219 Va. 824, 252 S.E.2d 307 (1979).

The above language leaves no room for plaintiff's claim here. As unfortunate as plaintiff's son's death was, and in spite of cases from other jurisdictions to the contrary (*see, e.g., O'Toole v. New York Life Ins. Co.*, 671 F.2d 913 (5th Cir. 1982)), the son's death was not accidental as that term is used in the policy. Accordingly, summary judgment will be entered for the insurer.